GRETCHEN L. JANKOWSKI (SBN 346000)
gretchen.jankowski@bipc.com
EMILY M. SERLETH (SBN 364908)
emily.serleth@bipc.com
BUCHANAN INGERSOLL & ROONEY LLP
One America Plaza
600 West Broadway, Suite 1100
San Diego, CA 92101
Telephone: 619 239 8700
Fax: 619 702 3898

MATTHEW C. PILSNER (admitted *pro hac vice*)
matthew.pilsner@bipc.com
BUCHANAN INGERSOLL & ROONEY PC
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219
Telephone: 412 562 8800
Fax: 412 562 1041

Attorneys for Defendants
LIQUIDITY SERVICES OPERATIONS LLC and LIQUIDITY SERVICES, INC.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

MARK AUSSIEKER, on behalf of himself and all others similarly situated,

Plaintiff,

vs.

LIQUIDITY SERVICES OPERATIONS LLC, a Delaware limited liability company d/b/a GovDeals, Inc., and LIQUIDITY SERVICES, INC., a Delaware corporation,

Defendants.

CASE NO.: 2:26-CV-03644

**DEFENDANTS LIQUIDITY SERVICES OPERATIONS LLC'S AND LIQUIDITY SERVICES, INC.'S ANSWER AND DEFENSES TO CLASS ACTION COMPLAINT**

Removal Filed: October 23, 2026
Complaint Filed: September 22, 2026

Defendants Liquidity Services Operations LLC, d/b/a GovDeals, Inc., and Liquidity Services, Inc. (collectively, "Defendants"), through their undersigned counsel, hereby file their Answer and Defenses to the Class Action Complaint ("Complaint"), ECF No. 1-1, of Plaintiff Mark Aussieker, on behalf of himself and all others similarly situated ("Plaintiff"). The numbered paragraphs below correspond to the like-numbered paragraphs of the Complaint. Unless specifically admitted, each allegation in the Complaint is denied, including any allegation in titles, (sub)-headings, footnotes, and other material not included in numbered paragraphs in the Complaint.

## I. INTRODUCTION

1. Defendants lack sufficient information to admit or deny the allegations in the first sentence of Paragraph 1. The allegations in the second and third sentences of Paragraph 1 refer to a writing that speaks for itself. The allegations in the second and third sentences of Paragraph 1 are denied insofar as they mischaracterize the writing.

2. Defendants lack sufficient information to admit or deny the allegations in the first sentence of Paragraph 2. The allegations in the second sentence of Paragraph 2 refer to a writing that speaks for itself. The allegations in the second sentence of Paragraph 2 are denied insofar as they mischaracterize the writing.

3. The allegations in Paragraph 3 state legal conclusions to which no response is required. To the extent that any facts are alleged, the allegations in Paragraph 3 are denied.

4. The allegations in Paragraph 4 state legal conclusions to which no response is required. To the extent that any facts are alleged, the allegations in Paragraph 4 are admitted only insofar as SB 478 was signed into law in California in 2023. Any remaining factual allegations in Paragraph 4 are denied.

5. The allegations in the first sentence of Paragraph 5 refer to a writing that speaks for itself. The allegations in the first sentence of Paragraph 5 are denied insofar as they mischaracterize the writing. The allegations in the second sentence of Paragraph 5 state legal conclusions to which no response is required. To the extent that any facts are alleged in the second sentence of Paragraph 5, the allegations are admitted only insofar as SB 478's amendments to the Consumer Legal Remedies Act had an effective date of July 1, 2024. Any remaining factual allegations in the second sentence

of Paragraph 5 are denied. The allegations in the third sentence of Paragraph 5 refer to a writing that speaks for itself. The allegations in the third sentence of Paragraph 5 are denied insofar as they mischaracterize the writing.

6. The allegations in Paragraph 6 state legal conclusions to which no response is required. To the extent that any facts are alleged in the second sentence of Paragraph 6, the allegations are admitted only insofar as SB 478's amendments to the Consumer Legal Remedies Act had an effective date of July 1, 2024. Any remaining factual allegations in Paragraph 6 are denied

7. The allegations in Paragraph 7 are denied.

8. The allegations in Paragraph 8 state legal conclusions to which no response is required. To the extent that any facts are alleged, the allegations in Paragraph 8 are denied.

## II. PARTIES

9. Defendants lack sufficient information to admit or deny the allegations in Paragraph 9.

10. The allegations in Paragraph 10 are admitted.

11. The allegations in Paragraph 11 are admitted.

## III. JURISDICTION AND VENUE

12. The allegations in Paragraph 12 state legal conclusions to which no response is required. To the extent that any facts are alleged, the allegations in Paragraph 12 are denied.

13. The allegations in Paragraph 13 state legal conclusions to which no response is required. To the extent that any facts are alleged, the allegations in Paragraph 13 are admitted only insofar as Liquidity Services Operations LLC is a Delaware limited liability company authorized to do business in the State of California. Any remaining factual allegations in Paragraph 13 are denied.

14. The allegations in Paragraph 14 state legal conclusions to which no response is required. To the extent that any facts are alleged, the allegations in Paragraph 14 are admitted only insofar as Defendant Liquidity Services, Inc. is a Delaware corporation authorized to do business in the State of California. Any remaining factual allegations in Paragraph 14 are denied.

15. The allegations in Paragraph 15 state legal conclusions to which no response is required. To the extent that any facts are alleged, Defendants lack sufficient information to admit or deny the allegations in Paragraph 15.

16. The allegations in Paragraph 16 are admitted only insofar as the amount in controversy is satisfied.

## IV. FACTUAL ALLEGATIONS

17. Defendants lack sufficient information to admit or deny the allegations in the first, second, third, fourth, and fifth sentences of Paragraph 17.

18. The allegations in Paragraph 18 state legal conclusions to which no response is required. To the extent that any facts are alleged, Defendants lack sufficient information to admit or deny the allegations in Paragraph 18.

19. The allegations in Paragraph 19 are denied.

20. The allegations in first and third sentences of Paragraph 20 are denied. The allegations in the second and fourth sentences of Paragraph 20 refer to a writing that speaks for itself. The allegations in the second and fourth sentences of Paragraph 20 are denied insofar as they mischaracterize the writing.

21. The allegations in Paragraph 21 are denied.

22. The allegations in Paragraph 22 are denied.

23. The allegations in Paragraph 23 are denied.

24. The allegations in Paragraph 24 are denied.

25. The allegations in Paragraph 25 are denied.

26. The allegations in Paragraph 26 are denied.

27. The allegations in Paragraph 27 are denied.

28. The allegations in Paragraph 28 are denied.

29. The allegations in the first sentence of Paragraph 29 are denied. The allegations in the second and third sentences of Paragraph 29 refer to a writing that speaks for itself. The allegations in the second and third sentences of Paragraph 29 are denied insofar as they mischaracterize the writing.

30. The allegations in Paragraph 30 are denied.

31. The allegations in the first sentence of Paragraph 31 are admitted. The allegations in the second, third, and fourth sentences of Paragraph 31 are denied.

## V. CLASS ACTION ALLEGATIONS

32. The allegations in Paragraph 32(a)–(b) state a legal conclusion to which no response is required. To the extent that any facts are alleged, the allegations in Paragraph 32 are denied.

33. The allegations in Paragraph 33 state legal conclusions to which no response is required. To the extent that any facts are alleged, the allegations in Paragraph 33 are denied.

34. The allegations in Paragraph 34 state legal conclusions to which no response is required. To the extent that any facts are alleged, the allegations in Paragraph 34 are denied.

35. The allegations in Paragraph 35(a)–(f) state legal conclusions to which no response is required. To the extent that any facts are alleged, the allegations in Paragraph 35(a)–(f) are denied.

36. The allegations in Paragraph 36 state legal conclusions to which no response is required. To the extent that any facts are alleged, the allegations in Paragraph 36 are denied.

37. The allegations in Paragraph 37 state legal conclusions to which no response is required. To the extent that any facts are alleged, the allegations in Paragraph 37 are denied.

38. The allegations in Paragraph 38 state legal conclusions to which no response is required. To the extent that any facts are alleged, the allegations in Paragraph 38 are denied.

## VI. FIRST CAUSE OF ACTION

39. To the extent that Paragraph 39 purports to incorporate and reallege all prior allegations, Defendants incorporate their responses to those allegations.

40. The allegations in Paragraph 40 state legal conclusions to which no response is required. To the extent that any facts are alleged, the allegations in Paragraph 40 are admitted only insofar as Plaintiff purports to bring the First Cause of Action in the Complaint both individually and on behalf of the California Class. Any remaining factual allegations in Paragraph 40 are denied.

41. The allegations in Paragraph 41 are denied.

42. The allegations in Paragraph 42 state legal conclusions to which no response is required. To the extent that any facts are alleged, the allegations in Paragraph 42 are denied.

43. The allegations in Paragraph 43 state legal conclusions to which no response is required. To the extent that any facts are alleged, the allegations in Paragraph 43 are admitted only insofar as Defendant Liquidity Services Operations LLC is a limited liability company and Defendant

Liquidity Services, Inc. is a corporation. Any remaining factual allegations in Paragraph 43 are denied.

44. The allegations in Paragraph 44 state legal conclusions to which no response is required. To the extent that any facts are alleged, the allegations in Paragraph 44 are denied.

45. The allegations in Paragraph 45 state legal conclusions to which no response is required. To the extent that any facts are alleged, the allegations in Paragraph 45 are denied.

46. The allegations in Paragraph 46 state legal conclusions to which no response is required. To the extent that any facts are alleged, the allegations in Paragraph 46 are denied.

47. The allegations in Paragraph 47 are denied.

48. The allegations in Paragraph 48 are denied.

49. The allegations in Paragraph 49 are denied.

50. The allegations in Paragraph 50 are denied.

51. The allegations in Paragraph 51 are denied.

52. The allegations in the first and second sentences of Paragraph 52 refer to a writing that speaks for itself. The allegations in the first and second sentences of Paragraph 52 are denied insofar as they mischaracterize the writing. The allegations in the third sentence of Paragraph 52 are denied.

53. The allegations in Paragraph 53 are denied.

54. The allegations in Paragraph 54 are denied.

55. The allegations in Paragraph 55 refer to a writing that speaks for itself. The allegations in Paragraph 55 are denied insofar as they mischaracterize the writing.

## VII. SECOND CAUSE OF ACTION

56. To the extent that Paragraph 56 purports to incorporate and reallege all prior allegations, Defendants incorporate their responses to those allegations.

57. The allegations in Paragraph 57 state legal conclusions to which no response is required. To the extent that any facts are alleged, the allegations in Paragraph 57 are admitted only insofar as Plaintiff purports to bring the Second Cause of Action in the Complaint both individually and on behalf of the California Class. Any remaining factual allegations in Paragraph 57 are denied.

/ / /

58. The allegations in Paragraph 58 state legal conclusions to which no response is required. To the extent that any facts are alleged, the allegations in Paragraph 58 are denied.

59. The allegations in the first sentence of Paragraph 59 state legal conclusions to which no response is required. To the extent that any facts are alleged, the allegations in the first sentence of Paragraph 59 are denied. The allegations in the second and third sentences of Paragraph 59 are denied.

60. The allegations in Paragraph 60 are denied.

61. The allegations in Paragraph 61 are denied.

62. The allegations in Paragraph 62 are denied.

## VIII. THIRD CAUSE OF ACTION.

63. To the extent that Paragraph 63 purports to incorporate and reallege all prior allegations, Defendants incorporate their responses to those allegations.

64. The allegations in Paragraph 64 state legal conclusions to which no response is required. To the extent that any facts are alleged, the allegations in Paragraph 64 are admitted only insofar as Plaintiff purports to bring the Third Cause of Action in the Complaint both individually and on behalf of the California Class. Any remaining factual allegations in Paragraph 64 are denied.

65. The allegations in Paragraph 65 state legal conclusions to which no response is required. To the extent that any facts are alleged, the allegations in Paragraph 65 are denied.

66. The allegations in the first sentence of Paragraph 66 state legal conclusions to which no response is required. To the extent that any facts are alleged, the allegations in the first sentence of Paragraph 66 are denied. The allegations in the second sentence of Paragraph 66 are denied.

67. The allegations in Paragraph 67 are denied.

68. The allegations in Paragraph 68 are denied.

69. The allegations in Paragraph 69 are denied.

## IX. PRAYER FOR RELIEF

WHEREFORE, Defendants request that Plaintiff take nothing by way of the Complaint, that judgment be entered in favor of Defendants and against Plaintiff, and for such other relief as the Court deems just and proper.

## X. JURY DEMAND

Defendants deny that Plaintiff is entitled to a jury trial on any claim asserted by Plaintiff either on behalf of himself or all others similarly situated. Plaintiff and all members of the class that Plaintiff purports to represent have waived their right(s) to a jury trial.

## XI. DEFENSES

Defendants assert the following defenses to the Complaint but do not assume the burden of proof of any such defense except as required by applicable law with respect to the particular defense asserted. Defendants reserve the right to amend their pleading(s) to assert any additional defenses that become known or ascertained through the course of discovery.

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims and/or the claims of any members of the class(es) that Plaintiff purports to represent are barred, in whole or in part, because Defendants did not make any false or misleading statement or representation.

3. Plaintiff's claims and/or the claims of the members of the class(es) that Plaintiff purports to represent are barred, in whole or in part, because they are not consumers and therefore lack statutory standing.

4. Plaintiff's claims and/or the claims of the members of the class(es) that Plaintiff purports to represent are barred, in whole or in part, because they did not make their purchases for a personal, family, or household use.

5. Plaintiff's claims and/or the claims of the members of the class(es) that Plaintiff purports to represent are barred, in whole or in part, by the terms and conditions of the user agreement to which each of them agreed, including without limitation the limitation of liability and disclaimer of warranties provisions.

6. Plaintiff's claims and/or the claims of the members of the class(es) that Plaintiff purports to represent are barred, in whole or in part, because plaintiffs do not engage in practices proscribed by the California statutes they seek to enforce.

/ / /

/ / /

7. Plaintiff's claims and/or the claims of any members of the class(es) that Plaintiff purports to represent are barred, in whole or in part, because Defendants did not knowingly or intentionally make any false or misleading statement or representation.

8. Plaintiff's claims and/or the claims of any members of the class(es) that Plaintiff purports to represent are barred, in whole or in part, because Plaintiff and/or any members of the class that Plaintiff purports to represent did not rely on any purported false or misleading statement or representation.

9. Plaintiff's claims and/or the claims of any members of the class(es) that Plaintiff purports to represent are barred, in whole or in part, because at all relevant times Defendants acted in good faith.

10. Plaintiff's claims and/or the claims of any members of the class(es) that Plaintiff purports to represent are barred, in whole or in part, by the doctrine of laches.

11. Plaintiff's claims and/or the claims of any members of the class(es) that Plaintiff purports to represent are barred, in whole or in part, by the doctrine of unclean hands.

12. Plaintiff's claims and/or the claims of any members of the class(es) that Plaintiff purports to represent are barred, in whole or in part, by the doctrine of waiver.

13. Plaintiff's claims and/or the claims of any members of the class(es) that Plaintiff purports to represent are barred, in whole or in part, by the doctrine of estoppel.

14. Plaintiff's claims and/or the claims of any members of the class(es) that Plaintiff purports to represent are barred, in whole or in part, because they consented to the challenged acts or practices.

15. Plaintiff's claims and/or the claims of any members of the class(es) that Plaintiff purports to represent are barred, in whole or in part, by the voluntary payment doctrine.

16. Plaintiff's claims and/or the claims of any members of the class(es) that Plaintiff purports to represent are barred, in whole or in part, because they failed to satisfy conditions precedent to filing suit.

17. Plaintiff's claims and/or the claims of any members of the class(es) that Plaintiff purports to represent are barred, in whole or in part, because he received payment for his claim.

18. Plaintiff's claims and/or the claims of any members of the class(es) that Plaintiff purports to represent are barred, in whole or in part, because Defendants conduct was not unlawful, fraudulent, or misleading, and they are not otherwise entitled to punitive damages.

19. The claims of the members of the class(es) that Plaintiff purports to represent are barred, in whole or in part, because this action may not be maintained as a class action and Plaintiffs' claims are not appropriate for class certification under Fed. R. Civ. P. 23.

20. The claims of the members of the class(es) that Plaintiff purports to represent are barred, in whole or in part, because this action may not be maintained as a class action under the doctrine of release and/or waiver.

DATED: October 30, 2026

BUCHANAN INGERSOLL & ROONEY LLP

By: /s/*Gretchen L. Jankowski*

GRETCHEN L. JANKOWSKI
EMILY M. SERLETH
MATTHEW C. PILSNER (admitted *pro hac vice*)

*Attorneys for Defendants LIQUIDITY SERVICES OPERATIONS LLC and LIQUIDITY SERVICES, INC.*